884 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary L. Gillies NILAND, Plaintiff-Appellant,
v.
George DELOZIER, Jr., individually and as Deputy Sheriff for
St. Mary's County, Maryland, George Gibson,
individually and as Deputy Sheriff for
St. Mary's County, Maryland,
Defendants-Appellees,
and
Eugene Gardiner CRAWFORD, Virginia Crawford, St. Mary's
Square Merchants Association, Defendants,
v.
VECTOR AIRCRAFT CORPORATION, a Massachusetts Corporation,
Allstate Insurance Company, Third Party Defendants.
 No. 88-3519.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1989.
Decided Aug. 16, 1989.
 
 David McKivitt Williams for appellant.
 Charles F. Fuller (Edward J. Gorman, Jr. on brief) for appellees.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and ROBERT J. STAKER, United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The appellant, Mary Gillies Niland, was injured when struck by an ultra-light aircraft in St. Mary's County, Maryland. She later instituted this civil tort action to recover for her injuries, naming as defendants George Delozier and George Gibson, St. Mary's County Sheriffs, and Eugene and Virginia Crawford, owners/operators of the aircraft. The district court granted summary judgment in favor of appellees Delozier and Gibson, finding that each was immune from civil liability. The case against Eugene Crawford proceeded to trial by jury and a verdict in his favor was rendered.[1] Appellant now seeks review of these adverse judgments by this court. In this diversity case, Maryland law applies. For the reasons stated below, we affirm.
 
 I.
 
 2
 The salient and undisputed facts are as follows. Appellant was present for an ultra-light aircraft exhibition at a local St. Mary's shopping center. The Appellees, Eugene and Virginia Crawford, had been hired by merchants of the shopping center to give the exhibition in hopes that it would promote trade. At day's end, as Eugene Crawford flew the aircraft from the exhibition, he struck a power utility pole and crashed, careening into the appellant and causing her severe injury.
 
 
 3
 Prior to the aborted takeoff, appellees George Delozier and George Gibson, helped clear the lot in order to make a runway. To such an end, appellant was asked to move her car. While she did so, appellant left her two minor children with one of the officers. Upon return to the area surrounding the makeshift runway, appellant stopped within the bounds of the area cleared by the officers to photograph the takeoff. At that time, she was struck by the aircraft.
 
 II.
 
 4
 Appellant first contends that the appellees are not to be afforded immunity from liability in this case and therefore it was error for the district court to grant summary judgment in their favor on that basis.
 
 
 5
 Maryland has long recognized the importance of shielding public officials from civil liability in appropriate circumstances. See Cocking v. Wade, 87 Md. 529, 40 A. 104 (1898). (County sheriff responsible for protecting a prisoner not liable for the death of such prisoner at the hands of other inmates). The rule in Maryland as it stands today is that a representative of a governmental agency "will be relieved of liability for his non-malicious acts where: (1) he is a public official rather than a mere government employee or agent; and (2) his tortious conduct occurred while he was performing discretionary as opposed to ministerial acts in furtherance of his official duties." Ashburn v. Anne Arundel County, 306 Md. 617, 510 A.2d 1078, 1080 (1986), quoting James v. Prince George's County, 288 Md. 315, 323, 418 A.2d 255, 261 (1980) (emphasis in original). Once these criteria have been met, absent malice, a public official is free from civil liability, James v. Prince George's County, supra.
 
 
 6
 Here, we think it indisputable that the appellees were public officials carrying out their duties as county sheriffs at the time of the crash. Specifically, while on duty they were directing both vehicular and pedestrian traffic in order to clear a path for takeoff of the aircraft. The question to be resolved then is whether at the time of the crash they were acting in a discretionary, as opposed to ministerial, manner when clearing the parking area.
 
 
 7
 The term "discretion" denotes freedom to act according to one's judgment in the absence of a hard and fast rule. When applied to public officials, "discretion" is the power conferred upon them by law to act officially under certain circumstances according to the dictates of their own judgment and conscience, and uncontrolled by the judgment or conscience of others.
 
 
 8
 Schneider v. Hawkins, 179 Md. 21, 25, 16 A.2d 861, 864 (1940). "An act falls within the discretionary function of a public official if the decision which involves an exercise of his personal judgment also includes, to more than a minor degree, the manner in which the police power of the state should be utilized." James v. Prince George's County, 418 A.2d at 1180.
 
 
 9
 In Ashburn v. Anne Arundel County, supra, the benchmark case for governmental immunity under Maryland law, an on-duty police officer failed to detain a driver found sitting in his vehicle in a parking lot, who later was involved in a traffic accident with a pedestrian, causing the pedestrian severe injury. The Court of Appeals of Maryland found that it was not mandatory that the officer detain the driver of the vehicle, although legally drunk, and as a result was immune from civil liability.
 
 
 10
 We believe this case clearly demonstrates, under the definition adopted by the courts of Maryland, that the appellees Gibson and Delozier, public officials, acted with discretion according to the dictates of their own judgment and conscience in clearing the runway for takeoff. No action taken in that parking lot was mandatory as defined by Maryland law.[2] Accordingly, each is to be afforded immunity from civil liability.
 
 III.
 
 11
 The appellant next argues that certain rulings made by the district court during the trial of this action rendered the verdict of the jury infirm. Specifically, appellant argues that (i) the court erred in denying her motion for judgment on the limited issue of liability as to appellee Crawford; (ii) the court erroneously submitted the issue of contributory negligence to the jury; and (iii) the court erred in refusing to give her requested jury instruction on concurrent causation. We find each contention to be without merit.
 
 
 12
 The district court twice denied appellant's motion for judgment on the limited issue of liability with respect to Crawford. In Maryland, such motions are rarely granted and are only proper when "all elements [of a tort], including damages, are so convincingly shown that rational minds could not differ as to their existence." Peroti v. Williams, 258 Md. 663, 267 A.2d 114, 118 (1970). Further, as contributory negligence is a bar to recovery in Maryland, such a motion may not be granted unless it is clear that the plaintiff had not contributed, at law, to her own injury. Id. The evidence in this regard must be compelling because, as appellant admits, the question of contributory negligence is ordinarily a jury question. The record in this case reflects that indeed there was some question as to whether or not appellant contributed negligently to her own injury, and therefore the district court was correct in twice denying appellant's motion.
 
 
 13
 In fact, the issue of contributory negligence was raised at trial and evidence was duly submitted by both parties. Such evidence showed that a reasonable person could find that the appellant placed herself in a position of danger when she stopped to photograph the takeoff, by moving into a position without the bounds marked as safe by the county sheriffs. Unless the undisputed facts permit only one reasonable conclusion, the issue of contributory negligence is to be submitted to the jury. Hooper v. Mougin, 263 Md. 630, 284 A.2d 236 (1971). Here, the issue was properly submitted.
 
 
 14
 Finally, with respect to the appellant's argument that the trial court committed reversible error in failing to give her requested jury instruction on concurrent causation, we note that failure to give such an instruction will only be overturned upon a showing of abuse of discretion. Here, the appellant failed to make such a showing.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Prior to trial, Virginia Crawford was voluntarily dismissed from this action
 
 
 [2]
 We find two further arguments put forth by the appellant here to be completely without merit. The first is that the officers here acted with malice. After a review of the record, it is abundantly clear that they simply acted in a reasonable and responsible way when faced with an unusual situation. The manner in which they conducted themselves was professional and proper without hint of malice or neglect. Secondly, no special relationship existed between the parties as there was no showing that the officers acted to protect the appellant, inducing a specific reliance on the police protection. See Ashburn v. Anne Arundel County, supra. Had such a relationship existed, then a duty of protection would have existed and civil liability may have arisen. See, e.q., Restatement (2d) of Torts Secs. 876-877